Kent WEAVER, Plaintiff—Appellee,

v.

RETIREMENT PLAN FOR EMPLOY-
EES OF HANSON BUILDING MA-
TERIALS AMERICA, INC.; et al., De-
fendants—Appellants.

Kent Weaver, Plaintiff—Appellant,

v.

The Retirement Plans Committee for
the Employees of Hanson Buildings
Materials America, Inc.; et al., Defen-
dants—Appellees.

Nos. 07–15446, 07–15725.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 2009.

Filed April 22, 2009.

Suite A–9, Laquer Urban Clifford & Hodge, LLP, Las Vegas, NV, for Plaintiff–Appellee.

Howard E. Cole, Esq., Suzanne L. Martin, Esq., Lionel Sawyer & Collins, Las Vegas, NV, Paul D. Fogel, Esq., Reed Smith Crosby Heafey LLP, San Francisco, CA, Daniel E. Wille, Esq., Kristen E. Belz, Esq., Reed Smith LLP, Pittsburgh, PA, for Defendants–Appellants.

Before: D.W. NELSON, BERZON and CLIFTON, Circuit Judges.

MEMORANDUM *

Retirement Plan for Hanson Building Materials America, Inc. appeals the district court's grant of summary judgment in favor of Kent Weaver. The court granted the motion after finding that Retirement Plan abused its discretion in denying Weaver a pension. Weaver appeals the district court's denial of his motion for attorney fees and prejudgment interest. We affirm the grant of summary judgment but vacate and remand the denial of fees and interest.

■ We review the district court's grant of summary judgment de novo. *Jordan v. Northrop Grumman Welfare Benefit Plan,* 370 F.3d 869, 874 (9th Cir.2004). While the de novo standard of review "normally applies when a court reviews a claim that a plan administrator improperly denied benefits," here, where the "pension plan confers discretionary authority on a plan administrator," we review for an abuse of discretion. *McDaniel v. Chevron Corp.,* 203 F.3d 1099, 1107 (9th Cir.2000). We may set aside Retirement Plan's decision only if it is "arbitrary and capricious." *Jordan,* 370 F.3d at 875. Our review, however, is informed by the fact that Retirement Plan both evaluates and pays claims. *Met. Life Ins. Co. v. Glenn,* —— U.S. ——, 128 S.Ct. 2343, 2348–51, 171 L.Ed.2d 299 (2008).

■ Retirement Plan denied Weaver a pension because it determined that he was not a "Participant" under the plan. The plan defined a "Participant" as "an individual who has satisfied the requirements for participation in this plan and who has accrued a benefit hereunder." Retirement Plan interprets the phrase "accrue a benefit hereunder" to require compensable service on or after May 1, 1978, which Weaver did not have. It concedes that in all other

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

respects Weaver met the requirements for a pension.[1]

Since the phrase "accrue a benefit hereunder" was undefined in the plan, we turn to the dictionary to evaluate Retirement Plan's interpretation. *Vaught v. Scottsdale Healthcare Corp. Health Plan,* 546 F.3d 620, 628 (9th Cir.2008) Black's Law Dictionary explains that the term "accrue" means "[t]o come into existence as an enforceable claim or right; to arise." The term "benefit" is defined as "[a]dvantage; privilege," or as "[p]rofit or gain." "Hereunder" is defined as "[l]ater in this document," or "in accordance with this document." Read together, these definitions indicate that the requirement to "accrue a benefit hereunder" is satisfied by acquiring a pension based on the terms of the plan. That phrase does not itself require the benefit under the plan to be a benefit obtained by current work activity.

Nothing else in the plan required active service on or after May 1, 1978. The plan explained that "[a]ny Participant whose employment is terminated on or after May 1, 1981, shall be eligible for a deferred vested pension if such Participant has completed ten (10) or more years of Eligibility Service at the time of termination." "In the event a Participant's Credited Service exceeds his Eligibility Service, his Credited Service shall be considered his Eligibility Service." "Credited Service of a Participant up to May 1, 1978, shall be his credited Service as of such date computed in accordance with the provisions of the former plans." In sum, the plan allowed Weaver to satisfy all of the requirements for a pension with pre–1978 service. Since Retirement Plan decided to the contrary, its interpretation was an abuse of discretion. *See, e.g., Schikore v. BankAmerica Supplemental Ret. Plan,* 269 F.3d 956, 960 (9th Cir.2001) (explaining that an administrator's interpretation of a plan is arbitrary and capricious if it construes provisions in a way that conflicts with the plain language of the plan); *Canseco v. Construction Laborers Pension Trust,* 93 F.3d 600, 608–09 (9th Cir.1996) ("Constru[ing] a plan so as to impose an additional requirement for eligibility" not required by the plan itself is arbitrary and capricious.)

▪ We review the district court's denial of attorney fees and prejudgment interest for an abuse of discretion. *Elliot v. Fortis Benefits Ins. Co.,* 337 F.3d 1138 (9th Cir.2003); *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan,* 750 F.2d 1458, 1460 (9th Cir.1985). In this case, the district court denied Weaver's motions without discussion. We have previously held this to be error, as it provides us no basis on which to evaluate the district court's exercise of discretion. *See, e.g., Schikore,* 269 F.3d at 965. Accordingly, we remand to permit the district court to reconsider Weaver's motions. In doing so, we note that unless Retirement Plan can show a special circumstance, Weaver is entitled to a reasonable award. *See Elliot,* 337 F.3d at 1148 ("Successful plaintiffs in ERISA suits should ordinarily recover fees unless special circumstances would render such an award unjust."); *Canseco,* 93 F.3d at 609–10 (same); *Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1331 (8th Cir.1995) ("In the present case, . . . there are no exceptional circumstances that would make the award of prejudgment interest inequitable").

Costs on appeal are awarded to Plaintiff–Appellee.

---

1. Retirement Plan's motion to strike portions of Weaver's reply brief for violating Federal Rule of Appellate Procedure 28.1(c)(4) is granted.

**AFFIRMED in part; VACATED and REMANDED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.